UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x

ALVON POPE,

                    Plaintiff,     :

                              :

           -against-         :

                              :

THE CITY OF NEW YORK and
LIEUTENANT PATRICK BUTTNER,   :
individually and in his
official capacity,           :

                Defendants.    :

-----------------------------------x

MEMORANDUM & ORDER

10 Civ. 4118 (BSJ)(MHD)

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

     Plaintiff Alvon Pope seeks to quash a subpoena served by defendants on plaintiff's expert witness Dr. Irving Friedman. The subpoena seeks: "[c]opies of any notes that you created, reports and records generated by your office, test results, and records sent to you by other health care providers which you relied upon, or considered to create your expert report dated April 12, 2011." The subpoena was served on Dr. Friedman but without contemporaneous notice to plaintiff's counsel.

     It is not at all clear why defendants have proceeded in this fashion to seek what they may be entitled to under Fed. R. Civ. P. 26(a)(2)(B), which includes, as part of a trial expert's report

1

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Defendants' counsel implies that he has gone this route to address unspecified deficiencies in the expert's report, which counsel has apparently had in his possession for up to ten months, but there is no indication that he ever sought supplementation from plaintiff, as he is normally required to do under Rule 26(a)(2)(E) and (e)(2). He also offers no explanation for his violation of Rule 45(b)(1).

The subpoena is quashed both for violation of Rule 45(b)(1) -- indeed we note that defendants' counsel is a repeat offender in this respect -- and because routine use of subpoenas directed to a party's expert is inappropriate. The obligation to provide the information required by Rule 26(a)(2)(B) is imposed on the party who has hired the expert, and a failure to provide that information

may trigger appropriate remedial relief from the court upon application by the adversary party, including an order to produce additional information and even preclusion of the expert. That said, routine use of subpoenas directed to an expert disrupt this arrangement and may impose unnecessary and inappropriate burdens and costs on a non-party. See, e.g., Res. Invs., Inc. v. United States, 93 Fed. Cl. 373, 383 (Fed. Cl. 2010) (citing cases) ("An expert witness -- retained by a party through private, voluntary agreement -- is ordinarily not the proper object of a subpoena."). This case illustrates that problem; indeed, we note that on an earlier occasion defendants sought from the court relief that included an order to plaintiff to produce what was initially referred to as "notes" of the doctor but then was more specifically described by counsel as communications between the doctor and plaintiff's attorney, an application that we denied as beyond the proper scope of expert discovery. Pope v. City of New York, 2012 WL 39349, *2 (S.D.N.Y. Jan. 5, 2012). Strangely, on that application defendants did not seek whatever documents they are now apparently attempting to obtain by way of a subpoena.

Finally, in any event the wording of the subpoena is ambiguous in that it is not at all clear whether defendants are seeking what Rule 26(a)(2)(B) permits -- specifically, "the facts or data

3

considered by the witness in forming [his opinions]" -- or something more than that. It is equally unclear whether defendants are contending that they have been denied access to those materials by plaintiff during discovery.

In any event, to avoid further confusion we direct the following: If plaintiff has not yet provided any materials containing facts or data considered by Dr. Friedman in forming his opinions, then plaintiff is to arrange for the provision of those materials to defendants' counsel by February 17, 2012. If all such materials have been provided, plaintiff is to so advise defendants' counsel and the court in writing by the same date.

We deem expert discovery to be closed as of February 17, 2012. If defendants believe they have a basis for relief based on purported inadequacy in the most recent round of discovery, they are to make a formal application by no later than February 24, 2012.

Finally, plaintiff has responded to the subpoena by asking for the imposition sanctions on defendants' counsel. While sorely tempted given the pattern of sometimes bizarre conduct exhibited in this lawsuit, we resist the temptation on this occasion.

4

Dated: New York, New York
       February 9, 2012



_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE



Copies of the foregoing Memorandum and Order have been mailed today
to:

Rose M. Weber, Esq.
225 Broadway
Suite 1607
New York, New York 10007

Karl J. Ashanti, Esq.
Assistant Corporation Counsel
   for the City of New York
100 Church Street
New York, New York 10007