UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ALVON POPE,

                Plaintiff,

-against-

THE CITY OF NEW YORK and LT. PATRICK
BUTTNER, individually and in his official capacity,

                Defendants.

---------------------------------------------------------------------- x

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE**

10 CV 4118 (BSJ)(MHD)

## PRELIMINARY STATEMENT

By Decision and Order dated February 28, 2012 ("February 28th Order"), Magistrate Judge Michael H. Dolinger denied defendant's application for relief in accordance with Judge Dolinger's Order dated February 9, 2012 ("February 9th Order") and granted plaintiff the opportunity to submit a fee award application by March 2, 2012, based on plaintiff's application for sanctions by letter dated February 27, 2012. See February 28th Order, a true copy of which is annexed to the Declaration of Karl J. Ashanti, dated February 29, 2012, as Exhibit "A," February 9th Order, a true copy of which is annexed to the Declaration of Karl J. Ashanti, dated February 29, 2012, as Exhibit "B," and Plaintiff's letter dated February 27, 2012, , a true copy of which is annexed to the Declaration of Karl J. Ashanti, dated February 29, 2012, as Exhibit "C." Defendant now moves pursuant to Rule 72(a) of the Federal Rules of Civil Procedure to vacate the February 28th Order, to file objections thereto before this Court and for the Court to sustain such objections.

Because, *inter alia*, defendant is entitled to the relief he has sought pursuant to Fed. R. Civ. P. 26(a)(2)(B)(ii), because plaintiff is not entitled to a fee award, as a matter of law,

and because Judge Dolinger, respectfully, did not consider the practical ramifications of the February 28th Order on the trial of this matter, the February 28th Order is clearly erroneous. As such, it is respectfully submitted that the defendant's objections to the February 28th Order should be sustained, the February 28th Order should be vacated, defendant's motion should be granted and plaintiff's motion for sanctions should be denied.

With respect to the underlying merits of the parties' respective motions, defendant is entitled to relief and plaintiff's request for relief should be denied for the following reasons: 1) defendant merely requests that plaintiff provide a copy of the exact documents that plaintiff's medical expert, Dr. Irving Friedman, relied upon for his expert report pursuant to Rule 26(a)(2)(B)(ii); 2) plaintiff, who failed to cite to any legal authority in his application, has failed, as a matter of law, to meet the legal standard for the imposition of sanctions pursuant to Rule 37; and 3) the February 9th Order <u>expressly allows</u> defendant to make the application that is the basis of the portion of the February 28th Order that enables plaintiff to apply for a fee award by March 2, 2012. Accordingly, the February 28th Order should be vacated.

The merits of defendant's position are set forth more completely below.

## **STANDARD OF REVIEW**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A), a district court shall reverse a magistrate judge's order regarding a non-dispositive matter where the order is clearly erroneous or contrary to law. See, e.g., Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Pretrial discovery matters are considered to be non-dispositive, and, as such, must be reviewed under this standard. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900

F.2d 522, 525 (2d Cir. 1990); Popular Imports, Inc. v. Wong's Int'l, Inc., 166 F.R.D. 276, 277 (E.D.N.Y. 1996).

An order is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242, 121 S. Ct. 1452, 149 L. Ed. 2d 430 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)). An order is "contrary to law" "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Thompson v. Keane, No. 95 Civ. 2442 (SHS), 1996 U.S. Dist. LEXIS 6022, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (internal quotation marks omitted).

Here, it was error for Magistrate Judge Dolinger to overlook the fact that defendant is entitled to the relief he seeks under Rule 26(a)(2)(B)(ii) and that plaintiff failed to meet the legal standard for the imposition of sanctions under Rule 37. Also, Judge Dolinger failed to consider the fact that allowing plaintiff to avoid having to provide a copy of the documents his medical expert has relied upon in preparation of plaintiff's medical expert report would give plaintiff a decided advantage at the trial of this matter and therefore greatly prejudice defendant. As a result, it is respectfully submitted that the February 28th Order is clearly erroneous and should be vacated.

## ARGUMENT

### POINT I

**DEFENDANT IS ENTITLED TO THE DOCUMENTS RELIED UPON BY PLAINTIFF'S EXPERT**

As defendant argued to Magistrate Judge Dolinger, pursuant to Rule 26(a)(2)(B)(ii), defendant is entitled to a copy of the documents that plaintiff's medical expert, Dr. Irving Friedman, relied upon for the preparation of his expert report. In that expert report,

Dr. Friedman lists these documents: 1) Harlem Hospital records; 2) an MRI report from Doshi Diagnostic; and 3) medical records from plaintiff's primary care physician, Dr. Gregory Emili. The copy of these documents that Dr. Friedman reviewed have never been provided by plaintiff. Instead, when responding to defendant's request for such documents, plaintiff has consistently responded that they have already been provided since defendant has obtained separate copies of these documents at various points during discovery. However, this response is wholly inadequate for two very important reasons.

One reason is that Rule 26(a)(2)(B)(ii) entitles defendant to obtain copies of the <u>very documents that Dr. Friedman reviewed</u>. The second reason is that defendant has a reasonable basis to believe that there may well be some differences between the sets of these documents that Dr. Friedman reviewed and the sets that plaintiff's counsel provided in discovery given the history of litigation in this case. As the Court may recall, during discovery, defendant obtained a copy of the Dr. Emili's medical records from plaintiff's counsel but suspected that such records were incomplete as Dr. Emili was plaintiff's primary care physician for several years, and the records consisted of only five (5) pages. Notwithstanding the fact plaintiff's counsel wrote to the Court insisting that the entire universe of Dr. Emili's records consisted of only five (5) pages, defendant's suspicion proved correct when defendant later obtained a set of medical records directly from Dr. Emili's office that consisted of approximately <u>fifty-five (55) pages</u>. <u>See</u> Plaintiff's letter dated November 18, 2011, a true copy of which is annexed to the Declaration of Karl J. Ashanti, dated February 29, 2012, as Exhibit "F." Accordingly, it is respectfully submitted that defendant's application to obtain a copy of the very documents Dr. Friedman relied upon be granted in its entirety.

## POINT II

## THERE IS NO BASIS FOR THE IMPOSITION OF SANCTIONS

Plaintiff's motion for sanctions, which is devoid of any supporting legal citations, is invalid because plaintiff fails to meet any of the legal criteria required by the courts to demonstrate that the imposition of sanctions is warranted. See, e.g., Fleming v. City of New York, 01 CV 8885 (CM) (RLE), 2007 U.S. Dist. LEXIS 90114, *8 (S.D.N.Y. December 7, 2007) (establishing that the necessary considerations for imposing sanctions under Rule 37 are "(a) willfulness or bad faith on the part of the noncompliant party; (b) the history, if any, of noncompliance; (c) the effectiveness of lesser sanctions; (d) whether the noncompliant party had been warned about the possibility of sanctions; (e) the client's complicity; and (f) prejudice to the moving party."). Here, none of these legal criteria is met. Accordingly, plaintiff's motion for sanctions fails as a matter of law.

## POINT III

## THE FEBRUARY 9TH ORDER EXPRESSLY ALLOWS DEFENDANT'S UNDERLYING MOTION

The February 9th Order gives defendant express permission to make the application that is the basis of the portion of the February 28th Order which enables plaintiff to apply for a fee award by March 2, 2012. See February 9th Order, p. 4, Exhibit "B." Defendant relied upon the February 9th Order in his decision to seek relief by letter dated February 24, 2012. See Defendant's letter dated February 24, 2012, Exhibit "D." Specifically, defendant relied upon the language in the February 9th Order that reads: "If defendants believe they have a basis for relief based on purported inadequacy in the most recent round of discovery, they are to make a formal application by no later than February 24, 2012." February 9th Order, p. 4, Exhibit "B." It

is simply unfair to now impose sanctions for following the avenue of relief that Judge Dolinger granted. Basic fairness dictates that plaintiff not be awarded fees in this instance. Accordingly, plaintiff's motion for sanctions should be denied in its entirety.

## CONCLUSION

For the foregoing reasons, defendant Patrick Buttner respectfully requests that the Court vacate Magistrate Judge Dolinger's Decision and Order dated February 28, 2012 and sustain his objections thereto, together with such other and further relief as this Court may deem just and proper.

Dated:	New York, New York
	February 29, 2012

_____
KARL J. ASHANTI (KA4547)
Assistant Corporation Counsel
(212) 227-0414

TO:	Rose M. Weber, Esq.
	*Attorney for Plaintiff*
	225 Broadway, Suite 1607
	New York, New York  10007
	(212) 748-3355